No. 222

No. 20077—The State of Ohio, ex rel. Woodman Accident Co. v. Harry L. Conn, as Superintendent of nIsurance, etc.

No. 20080—The State of Ohio, ex rel. Mutual Benefit Health & Accident Association v. Harry L. Conn, as Superintendent of Insurance, etc.

No. 20083—The State of Ohio, ex rel. Central Health Co. v. Harry L. Conn, as Superintendent of Insurance, etc.

No. 20088—The State of Ohio, ex rel. The Inter-State Business Men's Accident Association, of Des. Moines, Iowa, v. Harry L. Conn, as Superintendent of Insurance, etc.

In Mandamus.

647. INSURANCE—1. State may, without discrimination as between foreign and domestic insurance corporations, refuse renewal of license of former for failure to comply with valid law, if such law is not in contravention of State of Federal Constitutions.

2. Where insurance company takes out license and complies with all provisions of law, except as to not more than 30% of income for management expenses, such provisicn not applying to domestic corporations, to refuse renewal of license upon this ground is an unreasonable classification in contravention of 14th amendment federal constitution, as between citizens and quasi-citizens.

DAY, J.

1. The state may properly and without discrimination, as between foreign and domestic insurance companies, regulate the former by requiring that for failure to comply with any valid law governing the conduct of their business in the state, the renewal of a license already granted may be refused; but the power to thus refuse the renewal of such license for a breach of a law can only be properly exercised if such law be not in contravention of some provision of the state or federal constitution.

2. Where an insurance company, not organized under the laws of this state has complied with the conditions precedent to the right to do business in the state, and, having been admitted, has built up an insurance business covering a period of years and is an applicant for a renewal of the certificate to so continue in business, a part of a statute requiring the refusal or revocation of such certificate unless the expense of management of such company is thirty per cent or less of its income from premiums, assessments and membership fees, with which requirement it is unable to comply and continue business in this state, while domestic insurance companies doing precisely similar business are not limited in ex-

pense of management, such statute, as between such companies, one a citizen and the other a quasi citizen of the state, amounts to an unreasonable classification and is in contravention of the Fourteenth Amendment of the Federal constitution. (Hanover Fire Ins. Co. v. Carr et al., N. S. —, 71 L. Ed., 224, decided November 23, 1926, followed.)

superintendent of insurance has power, when in his judgment it will best promote the public interest, to refuse or revoke a certificate of an insurance company to do business in this state when its expense of management is not properly commensurate with its income from premiums, assessments and membership fees, such refusal or revocation being subject to judicial review.

Writs allowed.

Marshall, CJ., Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.

# THIS WEEK'S DIGEST
## Cases Published in the Abstract

**27. ACTIONS.**

Where next of kin have no notice or knowledge of fraud and because of ignorance thereof, fail to bring suit within one year after becoming of age, they will have recourse to equity within 4 years after discovery of fraud. Seeds et v. Seeds et. OS. 5 Abs. 175.

**184. BUCKET SHOP ACT.**

1. Ohio bucket shop act, 13069-13080 GC., is designed to guard the public morals and has proper relation to the police power.

2. The Ohio bucket shop act, which prohibits wagering contracts within the state, is not repugnant to the federal act designed to regulate boards of trade, where members deal in grain futures in interstate commerce.

**225. CHARGE TO JURY.**

Judgment will not be reversed because court's charge was too general and not specific enough, unless the court was requested to be more specific and refused to do so. Morrison v. Ohio Mot. Co. OA. 5 Abs. 167.

**387. DEPOSITIONS.**

Does money deposited in active fund which is not used, become inactive and subject to higher interest rate and is such interest public moneys within purview of Sec. 286 GC? West. Res. Bank v. State ex. OS. Pend. 5 Abs. 173.

Does fact that one does not file deposition until date of hearing preclude him from reading cross examination of his agent as shown by his deposition? Burgoon v. Com. Mut. Ins. Co. OS. Pend. 5 Abs. 172.

**465. ERROR.**

Does Appeals Court have authority to review, having once passed on same error? Luff v. State. OS. Pend. 5 Abs. 173.

**647. INSURANCE.**

1. State may, without discrimination as between foreign and domestic insurance corporations, refuse renewal of license of former for failure to comply with valid law, if such law is not in contravention of State or Federal Constitutions.

2. Where insurance company takes out license and complies with all provisions of law, except as to not more than 30% of income for management expenses, such pro-

vision not applying to domestic corporations, to refuse renewal of license upon this ground is an unreasonable classification in contravention of 14th amendment federal constitution, as between citizens and quasi-citizens. State ex Acc. Co. v. Conn. OS. 5 Abs. 175.

Where beneficiary under War Risk Insurance Policy dies should balance of installments be paid to beneficiaries, administratrix or to father and half brothers of insured? Palmer v. Mitchell. OS. Pend. 5 Abs. 172.

**661. INTOXICATING LIQUOR.**

The act of lifting up and breaking a bottle containing intoxicating liquor, does not tend to prove possession as the word is used in the Crabbe Act. Leipold v. State. OA. 5 Abs. 163.

**677. JUDGMENTS.**

A judgment upon the pleadings cannot be rendered when issue is joined upon a single material proposition. Rhoades v. McDowell, Rec. OA. 5 Abs. 167.

**678. JUDICIAL NOTICE.**

The court does not take judicial notice of what is at issue in other pending actions; same must be pleaded and proved. Conklin v. Weber et. OA. 5 Abs. 164.

**707. LEASES.**

An oral assignment of a properly executed written lease for a term of more than three years is enforceable in an action at law by the lessor against the assignee for the recovery of the remainder of the rent due, when the assignee takes possession of the demised property under the lease, pays the rent stipulated therein for a part of the term, and abandons the property without the lessor's consent. Abraham v. Akron Sausage Co. OA. 5 Abs. 162.

**714. LIABILITY.**

Where employee of independent contractor engaged in doing work on premises of owner uses an insecure window upon which to stand, which is wholly unnecessary in connection with the work to be performed by such employee, the owner is not liable and the court committed no error in directing a verdict for defendant. Kucera v. Grigsby. OA. 5 Abs. 164.

Balance of This Week's Digest will be published next week.

## TABLE OF CASES
### In This Issue

**COURT OF APPEALS**

Abraham v. Akron Sausage Co., 5 Abs. 162.
Conklin v. Weber et, 5 Abs. 164.
Gibson v. Anderson, 5 Abs. 166.
Kucera v. Grigsby, 5 Abs. 164.
Leipold v. State, 5 Abs. 163.
Leonhardt v. Hovanetz, 5 Abs. 166.
Lupson, et v. Zink, Trustee, 5 Abs. 165.
Morrison v. Ohio Mot. Co., 5 Abs. 167.
Rhoades v. McDowell, Rec., 5 Abs. 167.
State ex Kreideman v. Uuham et, 5 Abs. 163.

**SUPREME COURT—PENDING CASES**

Burgoon v. Insurance Co., 5 Abs. 172.
Community Dis. Co. v. Joseph, 5 Abs. 173.
Luff v. State, 5 Abs. 173.
Palmer v. Mitchell, 5 Abs. 172.
Rose Co. v. Ross, 5 Abs. 172.
State ex, Holmes v. Thatcher, 5 Abs. 172.
Wes. Res. Bk. v. State ex, 5 Abs. 173.

**SUPREME COURT—DECIDED CASES**

*King & Co. v. Horton, 5 Abs. 174.
*N. Y. C. R. Co. v. P. U. C., 5 Abs. 175.
*State ex Acc. Co. v. Conn, 5 Abs. 175.
*Seeds et v. Seeds et, 5 Abs. 174.
*State ex Galloway v. Ind. Comm., 5 Abs. 173.

See Pages 170 and 171 for Indexes of General and Motion Dockets, and New Cases filed.